**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARY R. GARCIA** | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:19-cv-03653** |
| | § | **JURY** |
| | § | |
| **SCOTTSDALE INSURANCE COMPANY,** | § | |
| *Defendant.* | § | |

## SCOTTSDALE INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Scottsdale Insurance Company ("Scottsdale"), files its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship, and amount in controversy, and respectfully shows the following:

### I.    PROCEDURAL BACKGROUND

1.    On August 24, 2019, Plaintiff, Mary R. Garcia ("Garcia" or "Plaintiff"), filed her Original Petition in a case styled *Mary R. Garcia v. Scottsdale Insurance Company;* Cause No. 2019-59609, pending in the 215th Judicial District Court for Harris County, Texas.

2.    Scottsdale received a copy of this suit on August 30, 2019 and has made an appearance in this case.

3.    Scottsdale files this notice of removal within 30 days of receiving notice of Plaintiff's Original Petition. *See* 28 U.S.C. § 1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *see id.*

4.    All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

1

5.      Attached hereto are copies of the following documents:

- **Exhibit 1:**     The state court's Docket Sheet;

- **Exhibit 2:**     Plaintiff's Original Petition;

- **Exhibit 3:**     Citation served upon Scottsdale;

- **Exhibit 4:**     Defendant's Original Answer to Plaintiff's Original Petition;

- **Exhibit 5:**     List of Parties and Counsel;

## II.   BASES FOR REMOVAL

6.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.  Plaintiff and Defendant Scottsdale are diverse.**

7.      **Plaintiff,** Mary Garcia, is an individual residing in Harris County, Texas.

8.      **Defendant,** Scottsdale Insurance Company, is incorporated under the laws of the State of Ohio, with its principal place of business in Scottsdale, Arizona. Scottsdale is therefore not a citizen of the State of Texas for diversity purposes.

9.      Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Defendant Scottsdale.

**B. The Amount in Controversy Exceeds the Jurisdictional Requirements for Subject Matter Jurisdiction.**

10.      Plaintiff alleges that Defendant is liable under a residential insurance policy because Plaintiff made a claim under that policy and Defendant wrongfully adjusted and underpaid Plaintiff's claim. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims.  *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998).  An action in state court may be removed to federal

court if "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441.
To establish diversity jurisdiction under 28 U.S.C. § 1332, the parties must be diverse, and the
amount in controversy must exceed $75,000.00, exclusive of interest and costs.  28 U.S.C. §
1332; *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).  To determine whether
jurisdiction is present for removal, the claims in the state court petition are considered as they
existed at the time of removal.  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th
Cir. 1995).

11.     When a defendant seeks to remove a lawsuit on the basis of diversity jurisdiction,
the federal court ordinarily determines the amount in controversy based on the specific "good
faith" sum demanded by the Plaintiff in the state court petition.  *See* 28 U.S.C. § 1446(c)(2); *St.
Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) ("[U]nless the law gives a
different rule, the sum claimed by the Plaintiff controls if the claim is apparently made in good
faith.").  But when, in contravention of state law, a Plaintiff specifically alleges that damages
will not exceed the federal jurisdictional amount, the pleading is not made in good faith and the
deference typically afforded the Plaintiff's pleading does not apply.  *De Aguilar v. Boeing Co.*,
47 F.3d 1404, 1410 (5th Cir.1995) (noting that "the face of the Plaintiff's pleading will not
control if made in bad faith," and criticizing manipulative tactics by Plaintiffs that reduce the
amount in controversy to avoid federal jurisdiction and removal).

12.     Furthermore, Texas Rule of Civil Procedure 47(c) requires that Plaintiff pleads in
certain predefined damage ranges: e.g., "only monetary relief of $100,000 or less," or "monetary
relief over $100,000 but not more than $200,000."  There is no provision in Rule 47 permitting a
Plaintiff to plead for damages not exceeding $74,000 as Plaintiff has done here.  [*See* Plaintiff's
Original Petition, Paragraph 2.]

3

13.     A removing defendant satisfies its burden of proof when it shows by a preponderance of the evidence that the amount in controversy actually exceeds the jurisdictional minimum at the time of removal.  *De Aguilar*, 47 F.3d at 1408-11.  A removing defendant can show the amount in controversy actually exceeds the jurisdictional minimum if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000.00, or, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount."  *See e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

14.     Plaintiff has attempted to frustrate this Court's federal diversity jurisdiction as the Original Petition states Plaintiff seeks monetary relief "under $100,000.00" but then states Plaintiff seeks "a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs." [*See* Plaintiffs' Original Petition, Paragraph 2]. Plaintiff also attorneys' fees [*See* Plaintiff's Original Petition, Paragraphs 20, 26, 27, and 28], exemplary and/or treble damages [*See* Plaintiff's Original Petition, Paragraph 25] and unqualified statutory damages, statutory interest, pre-judgment and post-judgment interest, and costs of suit. [*See* Plaintiff's Original Petition, Prayer Paragraph 31].  Given the nature of the case, Plaintiff's damage model exceeded the requisite jurisdictional threshold of $75,000 at the time of removal.

15.     Because Texas law does not preclude a court or jury from awarding an amount greater than what a Plaintiff seeks in Plaintiff's pleadings and other filings, such an affirmation, without more, does not provide sufficient certainty that Plaintiff would not be able to recover more in state court than the amount Plaintiff would seek.  *See Washington-Thomas v. Dial Am.*

*Mktg., Inc.*, EP-12-CV-00340-DCG, 2012 WL 5287043, at *3 (W.D. Tex. Oct. 23, 2012)(not reported).

16.     Since the Plaintiff requested attorneys' fees, court costs, and additional damages allowed by the DTPA, and Texas Insurance Code, it was facially apparent from the petition, that Plaintiff's damages would likely exceed the requisite $75,000 threshold at the time of removal. Furthermore, where a Plaintiff wants to prevent removal, a binding stipulation or affidavit **must be filed with their original complaint**.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (emphasis added) (citing *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992) (per curiam)).  Once the case has been removed by the defendant, later filings become "irrelevant" for determining jurisdiction.  *Id.*; *Carrasquillo v. State Farm Lloyds*, 17 F. Supp. 3d 584, 586 (W.D. Tex. 2013).

17.     Scottsdale has shown by the preponderance of the evidence that Plaintiff's amount in controversy likely exceeded the minimal jurisdictional threshold at the time of removal.

### III.     THIS REMOVAL IS PROCEDURALLY CORRECT

18.     Scottsdale received notice of this lawsuit on August 30, 2019, when Scottsdale was served. Thus, Scottsdale is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

19.     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii) a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

20.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

21.     Promptly after Scottsdale files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

22.     Promptly after Scottsdale files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

23.     Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant Scottsdale Insurance Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

By:  /s/ George Arnold
**George H. Arnold, *Attorney-in-Charge***
State Bar No. 00783559
garnold@thompsoncoe.com
**Susan Sparks Usery**
State Bar No. 18880100
susery@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, LLP
One Riverway, Suite 1400
Houston, Texas  77056
Telephone:  (713) 403-8210
Facsimile:  (713) 403-8299

**ATTORNEYS FOR DEFENDANT
SCOTTSDALE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

       This is to certify that on the 26th day of September, 2019, a true and correct copy of the foregoing document was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure as follows:

Anthony G. Buzbee
Christopher J. Leavitt
THE BUZBEE LAW FIRM
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas  77002
tbuzbee@txattorneys.com
cleavitt@txattorneys.com

Stephen R. Walker
Gregory J. Finney
Juan A. Solis
LAW OFFICES OF MANUEL SOLIS, PC
6657 Navigation Blvd.
Houston, Texas  77011
swalker@manuelsolis.com
gfinney@manuelsolis.com
jusolis@manuelsolis.com

*Attorneys for Plaintiff*

                  */s/ George Arnold*
                  George Arnold